## THE KLUGMAN CASE.

*Contempt for attempting to bribe a juror on a criminal trial.*

The evidence in this matter was sufficient to satisfy the court that the defendant was guilty of attempting to bribe one of the jurors sworn on the Phelps trial; for which contempt the court imposed the highest punishment upon him which the law authorizes — to jail for thirty days and a fine for the sum of $250.

*The prisoner found guilty — remarks of judge WESTBROOK — the sentence.*

THE case of David Klugman, charged with attempting to bribe a juror in the late trial of Phelps, was continued yesterday morning before justice T. R. WESTBROOK. The case was summed up on the part of the prosecution by district attorney Moak at the opening of the court. Judge WESTBROOK, after a brief consultation with his associates, announced his decision as follows :

### JUDGE WESTBROOK ON THE CASE.

After the cause had been submitted to us last evening, the court held a consultation in regard to it, and have come to the conclusion that the defendant is guilty of the contempt wherewith he is charged. The reasons which induced us to reach such a conclusion were also discussed ; and perhaps it may not be improper to state those reasons that the public may judge as to the justice of the conclusion.

The charge is made upon the oath of a juror, Abiah P. Maben, who was sworn as such in the indictment against Phelps for forgery, that the accused, David Klugman, under-

took by bribery to prevent the agreement of that jury. It is sworn to positively. All the circumstances are spread out, and if this affidavit of Maben and his evidence be true, it will not be denied that the prisoner is guilty of the charge. As the prisoner denies the truth of the affidavit of Maben so far as the attempt to bribe is concerned, we must look at the circumstances and see whether they do not point to the truth of that charge made by the juror.

It is urged that Maben has concocted this story for the purpose of advancing his own interests; of obtaining a better position at the capitol; because he knew that one juror had been discharged therefrom for refusing to agree to a verdict convicting Phelps.

The court must see whether this theory is plausible and in harmony with the facts which are undenied, for thus only can its truth be ascertained. If the juror had designed this, we should expect to see him following Klugman for the purpose of bringing about an interview with him, so that the attempt to bribe might be predicated on that interview. Instead of this, there is no attempt whatever upon the part of Maben to find Klugman. He does not search for him. He does not ask for him. He does not go around the city for the purpose of finding him, but he attends to his ordinary business, without seeking Klugman, and without, apparently, having any thought in regard to him.

On the contrary, in the ordinary course of his business, Maben goes to Haines' daguerrean gallery, and upon that morning Klugman finds him there. There is no proof in the cause that there had been any previous work done by Maben for Klugman, or that Maben was possessed of any great skill in his business, which made his employment very desirable. There were other places where the furniture of Klugman could have been repaired, and it seems to be a little singular that upon that particular morning Klugman should have gone first to the house of Mr. Maben, and, not finding him there, follow him to the capitol, and thence to Haines', for the pur-

pose of having him repair his furniture. And then, though he wished to have Maben repair it, there does not seem to be any reason why he should take this extraordinary trouble to find an upholsterer to do that work on that day. Having found him at Haines' daguerrean gallery, he sees him after waiting a few moments. This part of the case is proven by the evidence of Miss Hattie Young. If Klugman's business was simply to make the request to repair the furniture, we see no reason why it should not have been made in the presence of the parties in the daguerrean gallery. Instead of that, however, he asks Maben to step out into the hall. We infer from this request that his business was of a private character and that he did not wish other parties to hear it. They go into the hall, and after they get into the hall Klugman makes the request that he might see Maben at some private place, a place which he designated. They met at that place, and while there the attempt at bribery is made, according to Maben's evidence. Counsel for defense does not explain how Maben conceives' the thought to make this charge so suddenly. If it was the result of a diabolical intent, formed by Maben to ruin Klugman, upon so slender a pretense of self-benefit as the theory of the defense imputes, it certainly was very quickly conceived, and for a most inadequate and improbable motive.

The juror, after this attempt is made as he says to bribe him, and the subsequent interview at the segar store arranged, goes to the office of Hamilton Harris and tells him what had taken place, and says to Harris: I have agreed to meet Klugman at Hutman's segar store at two o'clock, what answer shall I make to him? Now, unless this interview had been arranged, as Maben swears, how could he tell Harris this; how could he know that Klugman would meet him at Hutman's store, unless it had been pre-arranged? If Klugman's story is true, how could Maben prophesy an interview which should take place at Hutman's at the precise hour named? And this statement, in advance, that the meeting would take place, was

entirely true, for the interview took place just as the juror told Harris it would. If there had been no promise to meet him at that place, it would have been simply impossible for Maben to tell Mr. Harris it would take place at that time. He proceeds to his house and takes dinner, and just as two o'clock comes he reaches Hutman's segar store.

Right on the very tick of time, according to promise, Mr. Klugman is there. After getting segars they walked out together to the door. It seems that in this going to the door together that Klugman was seeking a conversation with him for some object. If not for the purpose Maben says, what was it for? The juror then answered Klugman as Hamilton Harris had told him. Now I do not see, looking at this fact and considering the further fact that Klugman followed him from place to place seeking a private interview with the juror, how they can be explained on the theory of defendant's innocence; and thus reasoning we think the charge is sustained.

Comments have been made as to the previous character of Maben, but his present character seems to stand fair in the estimation of those who know him. Witnesses say that it at the present is good, though at one time in his past life he was guilty of bad conduct. I have nothing to say in extenuation of that conduct, but I believe in repentance, and believe the very worst man can reform. Very often the best of us do in our early days that which we are afterward sorry for. The juror's manner on the stand was fair and honest, and he impressed us very favorably.

The character of Klugman, on the other hand, to say the least, is a very suspicious one. He seems to have been guilty of almost the identical crime for which Phelps stands convicted, the obtaining of money of others and feloniously appropriating it to his own use. For these reasons, which we have thus stated, and for others not mentioned, we pronounce the prisoner guilty of the contempt wherewith he is charged.

## The Sentence.

Mr. Klugman, stand up! We have endeavored very briefly, in your hearing, to state the reasons which have induced us to find you guilty of the contempt wherewith you are charged. It is, as your counsel says, a very serious crime, and no punishment which this court is able to mete out to you is adequate to the punishment thereof. If any contempt of court can be more aggravated than another your's is that one. The attempt to subvert justice by bribery is horrible. Every good citizen must revolt at it; every right-minded person must condemn it.

We repeat, for conduct such as you have been guilty of you cannot be adequately punished by this court. As an officer who had sworn to sustain the laws of the state you have fulfilled that oath only by breaking those laws willfully and without any regard for the consequences, and in the most shameful manner. It would be a mockery of justice if we should impose upon you any thing less than the very highest punishment. We are limited in the punishment upon this proceeding. That, however, which we propose to inflict will not prevent your indictment by the grand jury for the same contempt, and also for an attempt to bribe a juror.

The justice of the sentence which we are about to impose will be concurred in by every honest man and by every right-minded citizen. As punishment for your contempt you will be committed to the county jail for the space of thirty days. You are further fined the sum of $250, and will stand committed until that fine is paid, such commitment for non-payment of the fine to be for thirty days.

Klugman was then taken from the court in charge of an officer.