Case No. 2.

THE PEOPLE *ex rel.* FRANK R. SHERWIN agt. MICHAEL L. MEAD.

*Memorandum for Order.*

</div>

After the relator was remanded to the officer as directed in appeal No. 1, and on the first day of March, the relator procured another writ of *habeas corpus*, returnable before the

same justice. The officer in his return claimed to hold the prisoner by virtue of a bench warrant, issued by the district-attorney of Albany county, dated the 28th day of February, 1882, commanding him to arrest the relator, who stands indicted in the court of oyer and terminer for the county of Albany, wherein such indictment is now pending and to which it has been sent for contempt, and bring him before the said oyer and terminer now in session at the old Capitol, in the city of Albany, in said county, if the said court shall then be in session, together with the warrant, and also by virtue of a certified copy of an order of the court of sessions of the county of Albany, sending the indictment to the court of oyer and terminer for trial. He also returned the order of Mr. justice DONOHUE, granted in proceedings No. 1, remanding the relator to his custody. Copies of all these papers were produced before the judge in the hearing. The relator filed a traverse to the return. By the evidence upon the hearing before the justice it appears that at the time of the arrest of Sherwin on the fourth of February, as stated in proceedings No. 1, that Mead, the officer, had in his posses-sion six bench warrants, all of the character of the one set forth in the other proceedings ; that the officer claimed that he had not arrested the prisoner upon five of them, but had upon the one returned with the writ, and before the twenty-eighth of February he had returned the warrants unserved to the district-attorney of Albany county, and he thereafter issued to him the bench warrant, upon which he now claims the right to hold the prisoner. It appeared from an affidavit filed that the court of oyer and terminer, in and for the county of Albany, was in actual session at the time of the hearing. The justice dismissed the proceedings and remanded the prisoner to the custody of the officer. The questions pre-sented and discussed on this appeal are substantially the same as those in appeal No. 1, and the order should be affirmed, the form to be settled by Mr. justice BRADY.

DANIELS and BRADY, JJ., concur.

The order was settled as follows:

"It is ordered, that the said order appealed from be and the same is hereby in all things affirmed; and the said Frank R. Sherwin is remanded and required, on the 29th day of November, 1882, at twelve o'clock noon, at the chambers of the supreme court, in the Court House in the city of New York, to surrender himself into the custody of the respondent Michael L. Mead, or such other officer as may have or be entitled to receive him into custody on the bench-warrant on which said Sherwin was arrested by said Michael L. Mead on the 4th day of February, 1882."

NOTE.—For reports of the case of Phelps, see *Phelps* agt. *People* (49 *How. Pr. Rep.*, 437, 451, 470, 479; *affirmed* 6 *Hun*, 401; 72 *N. Y.*, 334; 49 *How. Pr. Rep.*, 462; *affirmed* 6 *Hun*, 428; 72 *N. Y.*, 365); *People* agt. *Klugman* (49 *How. Pr. Rep.*, 484); *People* agt. *Bank of North America* (75 *N. Y.*, 547).